UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In re:

       Thomas J. Kearns, II,                  Bankruptcy Case No. 20-10354-PRW
                                                   Chapter 13

                   Debtor.

_____

**DECISION AND ORDER
DETERMINING THAT THE AUTOMATIC STAY EXPIRED
BY OPERATION OF 11 U.S.C. § 362(c)(3)(A),
OR ALTERNATIVELY LIFTING THE AUTOMATIC STAY
UNDER §§ 362(d)(1) & (d)(2) and § 1301(c)(3);
GRANTING *IN REM* RELIEF TO SECURED CREDITOR
UNDER 11 U.S.C. § 362(d)(4)(B);
DISMISSING CASE AS A BAD FAITH FILING, AND
ENJOINING DEBTOR FROM FILING A PETITION FOR 24 MONTHS**

PAUL R. WARREN, U.S.B.J.

The automatic stay provides debtors with shelter from creditors, while the debtors seek a

fresh start through the bankruptcy system. But, the tool designed to give shelter can, in the hands

of an unscrupulous debtor (with the assistance of an ignoble attorney), be used as a readily-

available and inexpensive weapon to frustrate the legitimate rights of creditors. Such is the case

here.

Select Portfolio Servicing, Inc.[1] has moved for an order lifting the automatic stay for cause,

under § 362(d)(1) of the Code. It has, additionally, requested that *in rem* relief be granted under

§ 362(d)(4)(B), to put an end to Mr. Kearns' alleged abuse of the bankruptcy system. Mr. Kearns

did not oppose the motion or dispute the allegations that he is acting in bad faith. Given the fact

_____

[1]    Select Portfolio Servicing, Inc. is servicing agent for Deutsche Bank National Trust Company. The Court will identify the secured creditor as "Select Portfolio," for the sake of simplicity. The name of the movant is, however, intended to encompass both entities.

that Mr. Kearns has filed four Chapter 13 cases in the past two years, all of which were filed without most of the required schedules, statements, official forms or a Chapter 13 plan (which deficiencies were never cured by Mr. Kearns or his attorney), the Court has no doubt that, if left unchecked, Mr. Kearns (and his attorney) will continue this pattern of bankruptcy abuse for as long as they wish.

The motion of Select Portfolio requesting *in rem* relief from the automatic stay under 11 U.S.C. § 362(d)(4)(B), is **GRANTED**. The request for termination of the automatic stay is unnecessary, because the stay terminated by operation of law, under 11 U.S.C. § 362(c)(3)(A), thirty days after the petition was filed. If, however, the automatic stay was in operation in this case, Select Portfolio has carried its burden of proof to justify termination of the stay under §§ 362(d)(1), (d)(2) and 1301(c)(3). Under either analysis, the automatic stay is **TERMINATED**, under 11 U.S.C. §§ 362(d)(1), (d)(2), (c)(3)(A) and 1301(c)(3).

The Chapter 13 trustee has also moved to dismiss this case, under 11 U.S.C. §§ 1307(c)(1), (3) and (4). Of course, Mr. Kearns does not oppose dismissal—he had no plans to actually prosecute this case (or any of his previous cases). The motion of the trustee is **GRANTED**. And, in the exercise of the Court's discretion, Mr. Kearns is **ENJOINED from filing a bankruptcy petition for 24 months from the entry of this Order**, under 11 U.S.C. § 105(a) and § 349(a).

## I.

## JURISDICTION

The Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(1), (b)(2)(G) and (b)(2)(O).

Case 1-20-10354-PRW,    Doc 36,    Filed 05/08/20,    Entered 05/08/20 13:04:08,
Description: Main Document  , Page 2 of 18

## II.

## FACTS

Select Portfolio is the holder of a Note in the original principal amount of $93,000.  (ECF No. 19 ¶ 3 & Ex. A).  That Note is secured by a mortgage on real property located at 333 Old Glenwood Road, Aurora (West Falls), New York.  (*Id.*).  It is undisputed that Mr. Kearns has failed to make payment on the Note for the period from September 1, 2008 through March 1, 2020.  (ECF No. 19 ¶ 8).  Mr. Kearns has enjoyed undisturbed occupancy of the mortgaged property, while failing to make 139 consecutive mortgage payments.  (*Id.*).  Not surprisingly, Select Portfolio took action to foreclose its mortgage on the Property.  What is surprising is that the foreclosure action was not commenced until August 2013.  (*Id.* ¶ 4).  The state court granted Select Portfolio a judgement of foreclosure and sale in late 2017—more than four years later.  (*Id.* & Ex. B).  By this point in time, Mr. Kearns had failed to pay the Mortgage Note for over nine years.  During that same period, Mr. Kearns failed to pay the real estate taxes and property insurance premiums—forcing Select Portfolio to make those payments to protects its security interest.  (*See* Case No. 19-11164, Proof of Claim No. 1, POC Attachment).

The state court scheduled the foreclosure sale of Mr. Kearns' home (the first time) for February 28, 2018.  (ECF No. 19 ¶ 7(a)).  So, on February 27, 2018, Mr. Kearns—with the assistance of Matthew Lazroe, Esq.—paid a filing fee of $310.00 and filed a petition under Chapter 13.  (Case No. 18-10338-MJK).  The filing is best described as skeletal—missing were Schedules A/B, C, G, H, I, J, Summary of Assets & Liabilities, Statement of Financial Affairs, Procedural Form 2030 Attorney Disclosure of Compensation, Statement of Current Monthly Income and a Chapter 13 Plan.  (Case No. 18-10338-MJK, ECF No. 5).  The trustee moved to dismiss Mr. Kearns' case, when the filing deficiencies were left uncured by counsel.  (Case No. 18-10338-

3

MJK, ECF No. 12). On April 26, 2018, less than 2 months after it was filed, the Court dismissed the case. (Case No. 18-10338-MJK, ECF No. 22). Mr. Kearns did not oppose the motion, although Mr. Lazroe made a cameo appearance at the hearing on the motion. (Case No. 18-10338-MJK, ECF No. 20). But, the petition filing had its intended effect—it derailed the state court foreclosure action. The foreclosure sale was cancelled, so as to comport with the automatic stay. (ECF No. 19 ¶ 7(a)).

The state court foreclosure sale of Mr. Kearns' home was rescheduled (a second time) for September 6, 2018. (ECF No. 19 ¶ 7(b)). So, once again, on September 6, 2018, *at 12:08 a.m.*, Mr. Kearns—with the assistance of Mr. Lazroe—paid a filing fee of $310.00 and filed another petition under Chapter 13. (Case No. 18-11719-MJK). Again, the filing was skeletal—missing were the very same mandatory schedules, statements, official forms and Chapter 13 Plan, as well as the certificate of credit counseling. (Case No. 18-11719-MJK, ECF No. 5). Once again, the trustee moved to dismiss Mr. Kearns' case, because the filing deficiencies were (predictably) left uncured by counsel. (Case No. 18-11719-MJK, ECF No. 12). On October 26, 2018, less than 2 months after it was filed, the Court dismissed the case.[2] (Case No. 18-11719-MJK, ECF No. 19). And, once again, Mr. Kearns did not file opposition to the dismissal motion, although Mr. Lazroe made another cameo appearance at the hearing on the motion. (Case No. 18-11719-MJK, ECF No. 15). Again, the petition had its intended effect—the foreclosure sale was cancelled a second time. (ECF No. 19 ¶ 7(b)).

The state court foreclosure sale of Mr. Kearns' home was rescheduled (a third time) for June 6, 2019. (ECF No. 19 ¶ 7(c)). And—you guessed it—on June 5, 2019, *at 10:06 p.m.*, Mr.

---

[2]    By operation of § 362(c)(3)(A) of the Code, it would appear that the automatic stay expired 30 days after the petition was filed. No motion to extend the stay was filed by Mr. Kearns, probably because he had no intention of actually prosecuting his Chapter 13 case.

Case 1-20-10354-PRW,    Doc 36,    Filed 05/08/20,    Entered 05/08/20 13:04:08,
Description: Main Document  , Page 4 of 18

Kearns—with the assistance of Mr. Lazroe—paid a filing fee of $310.00 and filed yet another petition under Chapter 13. (Case No. 19-11164-MJK). As was the case with the two prior filings, the petition was skeletal—again missing the same mandatory schedules, statements, official forms and Chapter 13 Plan. (Case No. 19-11164-MJK, ECF No. 7). Like clockwork, the trustee moved to dismiss Mr. Kearns' third case, because the filing deficiencies were (unsurprisingly) left uncured by Mr. Lazroe. (Case No. 19-11164-MJK, ECF No. 13). The motion was scheduled to be heard on August 12, 2019, but was adjourned by the Court to a date in late September. (Case No. 19-11164-MJK, ECF Nos. 14, 18).[3] Consistent with his previous litigation posture, Mr. Kearns made no effort to oppose dismissal, and, this time, Mr. Lazroe didn't bother to even make a cameo appearance at the hearing on the motion. (Case No. 19-11164-MJK, ECF No. 22). The Court dismissed the case on October 2, 2019. (Case No. 19-11164-MJK, ECF No. 26). But, the foreclosure sale was scuttled once again. (ECF No. 19 ¶ 7(c)).

The state foreclosure sale of Mr. Kearns' home was rescheduled (a fourth time) for March 5, 2020. (ECF No. 19 ¶ 7(d)). On March 4, 2020, Mr. Kearns—again with the assistance of Mr. Lazroe—filed his fourth petition under Chapter 13.[4] (Case No. 20-10354-PRW). Once again, the petition was skeletal—missing were the same mandatory statements, schedules, official forms and Chapter 13 Plan as were missing in each of the previous three cases. (ECF No. 7). As in the previous three cases, none of these required items have ever been filed. But, the automatic stay again stopped the foreclosure sale.

---

[3]     Once again, it would appear that the automatic stay expired 30 days after the petition was filed, by operation of § 362(c)(3)(A) of the Code.

[4]     This case was filed less than one year after the next most recent case was filed. That prior case was dismissed for Mr. Kearns' failure to prosecute. Far more than 30 days have passed since the petition was filed. No motion to extend the automatic stay was ever filed. The stay expired on April 3, 2020, by operation of § 362(c)(3)(A).

Before continuing, a snapshot showing the timing of Mr. Kearns' four Chapter 13 filings, and their relationship to the dates of the scheduled foreclosure sales, may be useful:

| Scheduled Foreclosure Sale | Chapter 13 Filing | Dismissal Date | Case Number |
|---|---|---|---|
| February 28, 2018 | February 27, 2018 | April 26, 2018 | 18-10338-MJK |
| September 6, 2018 | September 6, 2018 | October 26, 2018 | 18-11719-MJK |
| June 6, 2019 | June 5, 2019 | October 2, 2019 | 19-11164-MJK |
| March 5, 2020 | March 4, 2020 | May 7, 2020 | 20-10354-PRW |

Predictably, the Chapter 13 trustee has moved to dismiss this case, asserting that Mr. Kearns has "failed to prosecute the case." (ECF No. 13). But, the trustee makes no mention of the troubling history concerning Mr. Kearns' four Chapter 13 filings, followed shortly thereafter by dismissal orders, each based on his failure to file most of the required schedules, statements, official forms or a Chapter 13 Plan.

After having remained largely silent during the three previous Chapter 13 cases, Select Portfolio appears to have finally had enough. Select Portfolio filed a motion requesting termination of the automatic stay, under both § 362(d)(1) and § 1301(c) of the Code. (ECF No. 19). Select Portfolio also requests that the Court grant *in rem* relief as to the property located at 333 Old Glenwood Road, Aurora (West Falls), New York, under § 362(d)(4)(B) of the Code. (*Id.*). The motion alleges that Mr. Kearns *has not made any payments on the Mortgage Note, for the period from September 1, 2008 through March 1, 2020* (and now the April payment is most assuredly past due). (*Id.* ¶ 8). Altogether, Mr. Kearns has failed to make 140 consecutive mortgage payments over a period of 12 years. (*Id.*). He has *also failed to pay any property taxes or property insurance premiums* during that same twelve-year period. The original balance owed on the Mortgage Note has skyrocketed from $93,000 to $202,844.17, which includes arrearages of

6

$153,825.09.[5] (*Id.*, Cover Sheet). The undisputed fair market value of the Property is $61,000. Mr. Kearns does not have any equity in the Property—not one red cent. The Select Portfolio mortgage is undersecured by almost $142,000. Select Portfolio asserts that grounds exist to lift the stay under §§ 362(d)(1), (d)(2) and § 1301(c)(3) of the Code. And, to put an end to Mr. Kearns' (and Mr. Lazroe's) shenanigans long enough to allow it to complete the foreclosure process, Select Portfolio asks the Court to grant *in rem* relief against the real property under § 362(d)(4)(B).

As has been his approach in the previous three Chapter 13 cases, Mr. Kearns did not oppose either the trustee's motion to dismiss or Select Portfolio's motion to terminate the automatic stay and to impose *in rem* relief against the Property. Further, as of the date of the hearing on these motions, Mr. Kearns has (for the fourth time) failed to file any of the missing mandatory schedules, statements and official forms. He also failed to file a Chapter 13 Plan. And, he failed to pay a penny to either the Chapter 13 Trustee as required by 11 U.S.C. § 1326(a) or to Select Portfolio for the post-petition mortgage obligation. And, Mr. Lazroe was virtually invisible at the hearing on the motions. Mr. Lazroe merely noted his appearance and attempted to "note his opposition"—

---

[5]     A family struggling to keep a roof over their heads, particularly during the current economic hard times brought about by the pandemic, would be justified in viewing the Kearns' bankruptcy saga with disdain and anger, and might be inclined to ask a few questions. How is it possible for a person to avoid foreclosure, despite failing to make a single payment on their mortgage debt and despite failing to pay any real estate taxes, over a period of 12 years? How is that fair? Is this the "honest but unfortunate" debtor the bankruptcy system is designed to protect? Why doesn't somebody do something?

Case 1-20-10354-PRW,    Doc 36,    Filed 05/08/20,    Entered 05/08/20 13:04:08,
Description: Main Document  , Page 7 of 18

just those three words.[6]  He offered no substantive objection.  Perhaps Mr. Kearns and Mr. Lazroe

believed that this Court would simply follow suit and dismiss this case.  They are both very much

mistaken.


## III.

## DISCUSSION

### A.  By Operation of § 362(c)(3)(A), the Automatic Stay Terminated 30 Days After This Case Was Filed

Mr. Kearns filed a Chapter 13 petition on June 5, 2019.  (Case No. 19-11164-MJK).  That

petition was dismissed on October 2, 2019, because Mr. Kearns had (for the third time) failed to

file all the mandatory schedules, statements, official forms and a Chapter 13 Plan.  The petition

initiating this Chapter 13 case was filed on March 4, 2020.  It is indisputable that:  (1) Mr. Kearns

is an individual debtor, (2) who had a Chapter 13 case pending within the year preceding the filing

of the petition in this case, and (3) the prior case was dismissed.

Under § 362(c)(3)(A), "if a single . . . case is filed by . . . a debtor who is an individual in

a case under chapter 7, 11, or 13, and if . . . [that] case . . . was pending within the preceding 1-

year period but was dismissed . . . the [automatic] stay . . . with respect to any action taken with

respect to a debt or property securing such debt . . . shall terminate with respect to the debtor on

---

[6]     There is no such practice permitted by this Court.  This seems like a good opportunity to *once again* remind all attorneys appearing before this Court that:  (1) motions or responses made by letter submission are unacceptable and will not be considered; (2) objections to a motion are required to be made in writing (by parties represented by counsel), in pleading form, and must be served and filed not less than 3 days before a scheduled hearing; and (3) a separate memorandum of law is to be submitted to support legal arguments, where necessary.  *See In re Encore Prop. Mgmt.*, 585 B.R. 22, 27 n.3 (Bankr. W.D.N.Y. 2018) (Warren, B.J.).  To the extent that *Encore* might be read as limited to the Rochester Division, the Court offers this clarification:  **The foregoing requirements apply to ALL matters before this Court.**  *See also* https://www.nywb.uscourts.gov/content/judge-warren.

the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A). No motion seeking to extend the automatic stay was made by Mr. Kearns, as permitted by § 362(c)(3)(B), within 30 days following the filing of the petition. The Court holds that, by operation of § 362(c)(3)(A), the automatic stay statutorily terminated on April 3, 2020.

**B. <u>Alternatively, Even if the Automatic Stay Was in Effect, the Court Would Grant Relief to the Movant Under Both § 362(d)(1) and § 362(d)(2) and Under § 1301(c)(3)</u>**

Mr. Kearns does not dispute the facts alleged by Select Portfolio in its motion. The relevant facts are that the Property has a value of $61,000 (that's the value given by Mr. Kearns in his petition in all four cases), against which there is a debt totaling $202,844, secured by a mortgage. Mr. Kearns has failed to make 140 consecutive payments on the Mortgage Note, spanning a period of 12 years. He has also failed to pay real estate taxes and insurance premiums during that same period. The arrearages owed on the Mortgage Note are in excess of $154,000—more than two times the value of the property. Select Portfolio has made a *prima facie* showing that the automatic stay, if in effect, should be terminated under both § 362(d)(1) and § 362(d)(2) and under § 1301(c)(3).

First, cause exists to terminate the stay under § 362(d)(1), based on Mr. Kearns' failure to make 139 pre-petition (and two post-petition) mortgage payments. Further, his failure to pay real estate taxes and insurance has caused any equity cushion to be completely eroded. Second, the facts demonstrate that the stay should be terminated under § 362(d)(2), because Mr. Kearns has no equity in the Property and the Property is not necessary to an effective reorganization that is in prospect. Cause also exists to terminate the stay as to a potential co-debtor, under § 1301(c)(3).[7]

---

[7]   A co-obligor is listed on the Mortgage Note. The record indicates that the co-obligor long ago physically abandoned the Property. (*See* Case No. 05-14005-CLB, ECF Nos. 25, 33).

Therefore, if the automatic stay was in effect, the Court would (and does) hold that the stay should be terminated under § 362(d)(1) and § 362(d)(2) and under § 1301(c)(3) of the Code. And, given the egregious conduct of Mr. Kearns, acting through Mr. Lazroe, the Court would (and does) hold that cause exists to order that the stay under Rule 4001(a)(3) FRBP is waived, so that this Order will take effect *immediately* upon entry.

## C.  The Imposition of *In Rem* Relief is Appropriate and Necessary, Under § 362(d)(4)(B)

Select Portfolio, perhaps anticipating that Mr. Kearns will continue his obstructionist behavior, seeks to obtain *in rem* relief under § 362(d)(4)(B). Enacted in 2005, and amended in 2010, § 362(d)(4)(B) reflects a Congressional effort to provide the bankruptcy courts with a tool to respond to a debtor misusing or abusing the bankruptcy system:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the [automatic] stay . . .
> (4) with respect to a stay of an act against real property . . . by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . .
> (B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4)(B).

The statute provides that an order entered under § 362(d)(4), if properly recorded under state law, is binding in any subsequent bankruptcy case purporting to affect the subject real property, for a period of 2 years after entry of the order granting *in rem* stay relief.[8]

---

However, for title purposes, Select Portfolio will be irreparably harmed if the stay is not also lifted under § 1301(c)(3), to remove a potential cloud on title to the Property.

[8]     There is no dispute over the fact that Select Portfolio is a party-in-interest and that it has a claim secured by an interest in the Property—those statutory elements are satisfied.

Case 1-20-10354-PRW,   Doc 36,   Filed 05/08/20,   Entered 05/08/20 13:04:08,
Description: Main Document  , Page 10 of 18

As amended in 2010, "[s]ection 362(d)(4) is disjunctive, thus, 'the court need not inquire into fraud if it finds there was hindrance or delay to the Movant.'" *In re Stevenin*, Case No. 15-10009, 2015 Bankr. LEXIS 1332, at *4 (Bankr. R.I. Apr. 10, 2015) (quoting *In re Briggs*, Case No. 12-bk-14853, 2012 Bankr. LEXIS 4120, at *11-12 (Bankr. N.D. Ill. Aug. 30, 2012)). "A 'scheme,' for purposes of § 362(d)(4) 'is an intentional artful plot or plan to delay, hinder [or] defraud creditors.'" *In re Behrens*, 501 B.R. 351, 355 (B.A.P. 8th Cir. 2013), *aff'd*, 566 Fed. Appx. 547 (8th Cir. 2014) (quoting *In re Wilke*, 429 B.R. 916, 922 (Bankr. N.D. Ill. 2010)). Stated differently, a "scheme" for purposes of the statute is "an intentional plan to accomplish a particular result." *In re Anderson*, 594 B.R. 509, 515 (Bankr. D. Me. 2018). "[The] scheme § 362(d)(4) is intended to stop—[is] 'an abuse of the bankruptcy process through multiple filings with the sole purpose of frustrating the legitimate efforts of creditors to recover their collateral.'" *In re Stevenin*, Case No. 15-10009, 2015 Bankr. LEXIS 1332, at *4 (quoting *In re Henderson*, 395 B.R. 893, 901 (Bankr. D.S.C. 2008)).

It is well-settled that a debtor need not admit to having engaged in a scheme to hinder or delay creditors—the Court can draw an inference of a debtor's intent to hinder or delay from the filing of several bankruptcy cases, and the timing of those filings. *In re Montalvo*, 416 B.R. 381, 386-87 (Bankr. E.D.N.Y. 2009). "Courts have consistently recognized that repeated bankruptcy filings made on the eve of successive foreclosure attempts constitute strong evidence of an intent to delay and hinder secured creditors from collection." *In re Hymes*, Case No. A12-00599-GS, 2013 Bankr. LEXIS 664, at *20-21 (Bankr. D. Alaska Feb. 20, 2013) (citing *In re Macaulay*, Case No. 11-07382-DD, 2012 Bankr. LEXIS 3290, at *1 (Bankr. D.S.C. July 16, 2012)); In re Blair, Case No. 09-76150-ast, 2009 Bankr. LEXIS 4195, at *4 (Bankr. E.D.N.Y. Dec. 21, 2009); *In re*

*Abdul Muhaimin*, 343 B.R. 159, 170 (Bankr. D. Md. 2006); *see also In re Behrens*, 501 B.R. at 355.

This Court has no difficulty in finding that Mr. Kearns, with the assistance of Mr. Lazroe, engaged in a calculated scheme to delay and hinder Select Portfolio from exercising its lawful right to foreclose on the mortgage. Each of Mr. Kearns' bankruptcy petitions was filed within hours before a state court foreclosure sale was to be held. Each of the prior three bankruptcy cases was dismissed (without meaningful opposition), because Mr. Kearns failed to file nearly all of the mandated schedules, statements, official forms and a Chapter 13 Plan. Mr. Kearns failed to make those post-petition payments required by § 1326(a)(1) of the Code. He failed to attend the § 341 meeting of creditors in most of his prior cases. Those exact same failures exist in this case—and they are the functional equivalent of Mr. Kearns (and Mr. Lazroe) thumbing his nose at the Court. The facts and circumstances of this and the prior three cases, taken as a whole, evidence that Mr. Kearns had no intention of either reorganizing his financial affairs or prosecuting his Chapter 13 case to any meaningful degree. *See In re Anderson*, 594 B.R. at 515. The Court can—and does— infer an intent by Mr. Kearns to hinder and delay the ability of Select Portfolio to foreclose its mortgage "based solely upon serial filings without the need for an evidentiary hearing." *Id.* (citing *In re Valid Value Props.*, Case No. 16-13299, 2017 Bankr. LEXIS 27, at *8 (Bankr. S.D.N.Y. Jan. 5, 2017)). It is also a good bet that Mr. Lazroe was complicit in the scheme.

The Court holds that Select Portfolio has carried its burden of proof and successfully established the elements necessary to obtain *in rem* relief against the real property under 11 U.S.C. § 362(d)(4)(B). The request for *in rem* relief is **GRANTED**. The Court will enter a separate Order, in the form presented by Select Portfolio as an exhibit to its motion, granting *in rem* relief

12

against the property located at 333 Old Glenwood Road, Aurora (West Falls), New York, under

11 U.S.C. § 362(d)(4)(B).


## D. Cause Exists to Dismiss This Case

As was done in the previous three Chapter 13 cases filed by Mr. Kearns, the Chapter 13

trustee has moved to dismiss this case because no statements, schedules, or a Chapter 13 Plan have

been filed. (ECF No. 13). No relief is sought, beyond simple dismissal.[9] And, while raised in

connection with the lift stay motion, Select Portfolio has asked the Court to consider whether Mr.

Kearns is acting in bad faith. (ECF No. 19 ¶ 9).[10]

As this Court recently held:

> The power to dismiss a Chapter 13 case derives principally from § 1307(c) of the
> Code. Congress provided the bankruptcy courts with a non-exclusive list of 'cause'
> for dismissal in § 1307(c). *See* 11 U.S.C. § 1307(c)(1)-(11). The decision of
> whether to dismiss (or convert) a Chapter 13 case is left to the discretion of the
> bankruptcy court, giving consideration to the best interests of creditors and the
> estate. 11 U.S.C. § 1307(c). In addition, the absence of good faith by the debtor
> can serve as cause to dismiss or convert a Chapter 13 case under 11 U.S.C.
> § 1307(c). **While there is no *per se* prohibition against serial filings of petitions
> in bankruptcy, a finding of fact by the bankruptcy court that a debtor is acting
> in bad faith—by making serial bankruptcy filings solely to thwart a mortgagee
> from exercising its legitimate contractual and state law foreclosure remedies—**

---

[9]    The Court urges the Chapter 13 trustee and the UST to respond vigorously to cases that
appear to be filed in bad faith, merely to game the system. Every docket conspicuously notes
previous case filings by a debtor, identified in bold red font, including the prior case number(s),
date filed, and disposition. (*See* ECF No. 6 in this case docket). We owe it to those good people
who struggle through life, without resorting to the Kearnsian-scheme described in this Decision,
to prevent abuse of the bankruptcy system.

[10]    Select Portfolio points to a handful of bankruptcy court decisions from other districts
around the country, dating back to the late 1980s and early 1990s, to support the proposition that
"[c]ourts have found bad faith in Chapter 13 cases." (ECF No. 19 ¶ 9). Good to know. But, when
the Court you are appearing before has issued a decision on that precise issue, it's not a bad idea
to cite to the decision. *See, e.g.*, *In re Meltzer*, Case No. 19-21110-PRW, 2020 Bankr. LEXIS 80
(Bankr. W.D.N.Y. Jan. 10, 2020) (Warren, B.J.) "[T]he absence of good faith by the debtor can
serve as cause to dismiss or convert a Chapter 13 case." *Id.* at *7.

> **is 'cause' to dismiss a bankruptcy case.** *See In re Casse*, **198 F.3d 327, 332-33 (2d Cir. 1999).**

*In re Meltzer*, Case No. 19-21110-PRW, 2020 Bankr. LEXIS 80, at \*6-7 (Bankr. W.D.N.Y. Jan. 10, 2020) (Warren, B.J.) (emphasis added).

Here, as in *Meltzer*, the Court finds that several grounds for dismissal are present. First, Mr. Kearns has failed to file many of the mandatory statements, schedules, official forms, an adequate protection calculation and a Chapter 13 Plan. This is cause to dismiss under §§ 1307(c)(1) and (c)(3). Second, Mr. Kearns has failed to make the preconfirmation payments required by § 1326. This is cause to dismiss under § 1307(c)(4). Finally, the Court finds that Mr. Kearns is acting in bad faith and abusing the bankruptcy system in this Chapter 13 case. This finding of bad faith is independent cause to dismiss under § 1307(c).

There are numerous badges of bad faith in this case. Those same badges of bad faith are evident in each of his prior Chapter 13 cases, spanning a period of 24 months. Each case was filed just hours before the state court foreclosure sale was to be held. In each case, Mr. Kearns filed a skeletal petition, filing only Schedules A/B, D and E/F. None of the remaining mandated schedules, statements and official forms were ever filed. No Chapter 13 Plan was filed in any of the four Chapter 13 cases. No preconfirmation payments were made in any of the cases. No post-petition mortgage payments were made. Mr. Kearns failed to appear at the § 341 meeting of creditors in a couple of the prior cases. This series of bankruptcy petition filings by Mr. Kearns demonstrates—and the Court finds as fact—that Mr. Kearns is using the bankruptcy system solely

to prevent Select Portfolio from foreclosing its mortgage, without Mr. Kearns having any intention or ability to reorganize. This smacks of bad faith on the part of Mr. Kearns.[11]

The Court finds that the best interests of creditors and the estate will be promoted by the dismissal of this case, under 11 U.S.C. §§ 1307(c)(1), (3), (4), and for cause based on Mr. Kearns' bad faith and abusive use or misuse of the bankruptcy system under § 1307(c) and § 105(a). The trustee's motion to dismiss is **GRANTED**.

---

[11] Each of Mr. Kearns' four bankruptcy petitions were signed and filed by Mr. Lazroe, as his attorney. "By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition . . . an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay . . . ." Rule 9011(b)(1) FRBP. Further, under Rule 2016(b) FRBP, an attorney representing a debtor is REQUIRED to file a statement concerning compensation using Procedural Form 2030. That filing requirement is imposed on the attorney, even if no compensation is requested. Mr. Lazroe failed to file that mandatory Official Form in any of Mr. Kearns' cases. Mr. Lazroe admitted, during the hearing on the motion, that he did in fact receive payment from Mr. Kearns in each of the four cases. Those payments ranged from $500 to $1,500. Mr. Lazroe indicated that his "standard fee for a skeletal Chapter 13"—designed just to get the benefit of the automatic stay—is $1,500. During the hearing, Mr. Lazroe also admitted that he routinely ignores the mandate of Rule 2016(b), and that he doesn't file a 2016(b) Statement in "many" of his cases. Such a boldfaced disregard for the Rules by an attorney cannot go unaddressed. It appears that Mr. Lazroe may be running a cottage industry, by which he earns an undisclosed fee to file skeletal Chapter 13 petitions, solely to allow his clients to effectively "buy" the automatic stay to gain an advantage over a foreclosing secured creditor. This type of calculated misuse of the bankruptcy system by an attorney is the functional equivalent of running a chop shop. The Court requests that the United States Trustee formally investigate the role Mr. Lazroe has played in facilitating Mr. Kearns' scheme to hinder or delay the foreclosure action and consider whether a referral to the Appellate Division or some other court is appropriate. Given the nearly identical timing and skeletal filings in all four of these Chapter 13 cases, it is highly unlikely that Mr. Lazroe's conduct was anything other than knowing and purposeful. There appear to be many other cases involving Mr. Lazroe, with very similar facts (skeletal filing, followed by a quick dismissal, with a foreclosure pending). *See, e.g.,* Case Nos. 19-11836-CLB, 19-11868-CLB, 19-11968-CLB, 19-11972-PRW. It's a good bet that many more instances exist.

## E.  A 24-Month Injunction Barring the Filing of a Bankruptcy Petition Is Appropriate

As this Court recently observed:

> It is well-settled in the Second Circuit that the bankruptcy court is empowered to enjoin a debtor from future filings under 11 U.S.C. § 105(a) and § 349(a).  The second clause of § 349(a) permits the Court to order that a dismissal is 'with prejudice' to the filing of a subsequent petition by a debtor.  *In re Casse*, 198 F.3d at 334-41.  'To bar future filings, an order of dismissal must be with prejudice; and bankruptcy courts look to §§ 105(a) and 349(a) for their authority to impose that sanction.'  *Id.* at 335 [(internal quotation marks omitted)].  The Second Circuit has held that the 180-day bar to subsequent filings under § 109(g) of the Code 'does not impose a temporal limitation upon [§ 105(a) and § 349(a)].'  *Id.* at 339.

*In re Meltzer*, Case No. 19-21110-PRW, 2020 Bankr. LEXIS 80, at \*9-10.

The Court finds that Mr. Kearns is acting in bad faith and is abusing the bankruptcy system. The four Chapter 13 petitions filed by Mr. Kearns in the past 24 months were filed solely to utilize the automatic stay to prevent Select Portfolio from enforcing its judgment of foreclosure and sale. Mr. Kearns has made no effort whatsoever to prosecute any of those cases or to reorganize his financial affairs.  Select Portfolio has been granted *in rem* relief as to the Property.  Perhaps the *in rem* relief will do the trick.  Perhaps not.  But there is more at stake here than simply providing a solution for the secured creditor.  The repeated actions of Mr. Kearns and Mr. Lazroe are an affront to the bankruptcy system that the Court is duty-bound to address.

In an effort to protect the integrity of the bankruptcy system from further abuse and misuse at the hands of Mr. Kearns, under 11 U.S.C. § 105(a) and § 349(a), the Court exercises its discretion and **ENJOINS Mr. Kearns from filing a bankruptcy petition, anywhere in the United States, for a period of 24 MONTHS from entry of this Order**. The Clerk of Court is directed to reject any petition tendered by or on behalf of Mr. Kearns in violation of this Order.

To ensure that Mr. Kearns cannot end-run this filing injunction by transferring the real property, in whole or in part—to a third-party who then files a bankruptcy petition—**the Court**

**further exercises its discretion under 11 U.S.C. § 105(a) and ORDERS that the 24-month filing injunction extends to include any entity (as defined in § 101(15) of the Code), insider (as defined in § 101(31)(A) of the Code), or person (as defined in § 101(41)(A) of the Code) claiming any interest in the real property located at 333 Old Glenwood Road, Aurora (West Falls), New York**.

Should Mr. Kearns, or any debtor claiming an interest in the Old Glenwood Road property, wish to seek relief from the filing injunction or the *in rem* relief imposed by this Order, that party must move for relief in this Court. The movant must serve all affected creditors and the United States Trustee with not less than 21 days' notice of such a motion, with *personal service* to be made on the UST and the attorney to Select Portfolio that appeared in the motion that this Decision addresses.    The Clerk of Court is directed to docket any such motion as a "Miscellaneous Proceeding," with a  case caption identifying the movant as John/Jane Doe (or other fictitious name selected by the Clerk) to ensure that creditors are not misled in thinking that the automatic stay applies, unless and until this Court specifically orders otherwise. The filing fee for such a motion must be paid in full upon presentation of such motion, in an amount equal to the Chapter 13 filing fee applicable at that time.


## IV.

## CONCLUSION

The motion of Select Portfolio is **GRANTED**.  The Court finds that, by operation of 11 U.S.C. § 362(c)(3)(A), the automatic stay terminated on April 3, 2020.  In the alternative, the Court finds that cause exists to lift the automatic stay under 11 U.S.C. §§ 362(d)(1), (d)(2) and 1301(c)(3).  Rule 4001(a)(3) FRBP is waived, for cause, so that this Order will take effect

*immediately* upon entry.  Further, the request of Select Portfolio for *in rem* relief from the automatic stay, under 11 U.S.C. § 362(d)(4)(B), is **GRANTED** with respect to the real property located at 333 Old Glenwood Road, Aurora (West Falls), New York, which *in rem* relief will be effective for a period of 2 years from the date of entry of this Order.  The Court will enter a separate Order granting *in rem* relief, in the form attached to Select Portfolio's motion.

The motion of the Chapter 13 trustee is **GRANTED**.  This case is **DISMISSED** for cause, under 11 U.S.C. §§ 1307(c)(1), (3), (4), and under 11 U.S.C. § 1307(c) and § 105(a), as a bad faith filing made solely to hinder or delay a secured creditor from exercising its legitimate contractual and state law foreclosure remedies.  **Mr. Kearns is ENJOINED from filing a bankruptcy petition anywhere in the United States for a period of 24 months from the date of entry of this Order, in the exercise of the Court's discretion, under 11 U.S.C. § 105(a) and 11 U.S.C § 349(a)**.  The Clerk of Court is directed to **REJECT** any bankruptcy petition presented by or on behalf of Mr. Kearns in violation of this Order.  Any motion seeking relief from this Order must comply in all respects with the requirements detailed in Section III (E) of this Decision.

**IT IS SO ORDERED.**

DATED: May 8, 2020                    _____/s/_____
      Buffalo, New York              HON. PAUL R. WARREN
                                United States Bankruptcy Judge